# EXHIBIT A


Select Language ▾
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2023-093545 | Judge: | Sinclair, Joan |
| File Date: | 7/31/2023 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Celesta Littleman | Plaintiff | Female | MATTHEW RAMIREZ |
| Salt River Project Agricultural Improvement & Power District, The | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/12/2023 | AFS - Affidavit Of Service | 10/16/2023 | |
| **NOTE:** THE SALT RIVER PROJECT AGRICULTURAL IMPOVEMENT & POWER DISTRICT | | | |
| 9/29/2023 | 066 - ME: Case Reassigned | 9/29/2023 | |
| 9/18/2023 | AMC - Amended Complaint | 9/21/2023 | |
| **NOTE:** First Amended Complaint | | | |
| 7/31/2023 | COM - Complaint | 8/1/2023 | |
| **NOTE:** Complaint | | | |
| 7/31/2023 | CSH - Coversheet | 8/1/2023 | |
| **NOTE:** Civil Cover Sheet | | | |
| 7/31/2023 | CCN - Cert Arbitration - Not Subject | 8/1/2023 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 7/31/2023 | SUM - Summons | 8/1/2023 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
9/18/2023 4:17:55 PM
Filing ID 16612379

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
mdlammers@rllaz.com
mramirez@rllaz.com

Mark D. Lammers
State Bar No. 010335
Matthew A. Ramirez
State Bar No. 036408

*Attorneys for Plaintiff Celesta Littleman*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CELESTA LITTLEMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>THE SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER DISTRICT, a non-profit organization and political subdivision of the State of Arizona,<br><br>Defendant. | NO. CV2023-093545<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Assigned to Hon. Adam Driggs) |

## I.     **PARTIES, JURISDICTION, VENUE**

1.      Plaintiff Celesta Littleman ("Plaintiff" or "Celesta") is a resident of Maricopa County, Arizona.

2.      Defendant The Salt River Project Agricultural Improvement & Power District ("Defendant" or "SRP") is a non-profit organization and political subdivision of the State of Arizona.

3.  All acts complained of herein which gave rise to Celesta's claims against Defendant occurred in Maricopa County, Arizona.

4.  Celesta timely filed a Charge of Discrimination with the Division of Civil Rights Section ("the Division") of the Office of the Arizona Attorney General and U.S. Equal Employment Opportunity Commission ("EEOC").

5.  Celesta received Notices of Right to Sue from the Division and EEOC.

6.  Jurisdiction and Venue in this Court are proper pursuant to Arizona Constitution Article VI, § 14, and A.R.S. §§ 12-123, 12-401, and 41-1481.

## II.     GENERAL ALLEGATIONS

7.  Celesta is a Native American woman and enrolled member of the Navajo Nation, which is federally recognized Indian tribe.

8.  Defendant SRP is a quasi-public entity that provides water and power to more than 2 million customers in Arizona. SRP has employed more than fifteen employees for twenty or more weeks during the current or preceding year.

**A.     Celesta begins working at SRP's Navajo Generating Station**.

9.  In May 2009, Celesta obtained a bachelor's degree from Arizona State University.

10.  In December 2014, Celesta began working for SRP at its Navajo Generating Station ("NGS") in Page, Arizona as an Operations and Maintenance Specialists ("O&M").

11.  There are at least four O&M levels: (1) O&M I; (2) O&M II; (3) O&M II Thereafter ("O&M II T/A"); and (4) O&M III. Each O&M level provides different pay; the higher the O&M level, the more compensation an employee receives.

12.  In 2015, Celesta was promoted to O&M II.

13.  While working at NGS, Celesta was awarded SRP's Presidential Safety Award, excelled on her annual performance reviews, and received no disciplinary actions. In other words, Celesta was a model employee.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

14.     In April 2018, Celesta successfully completed SRP's curriculum, training, and assessment ("Curriculum") for promotion to O&M II T/A.

**B.     Celesta is transferred and subjected to race and gender discrimination.**

15.     Before finalizing the promotion, SRP transferred Celesta to its Facilities Department in Tempe, Arizona ("Facilities Department") due to plans to close NGS.

16.     Celesta is the only Native American female of approximately 25 employees in the Facilities Department.

17.     At all relevant times, Celesta performed her job at SRP satisfactorily, if not better than similarly situated employees, who were predominately male and non-Native American.

18.     Upon Celesta's transfer to the Facilities Department, Mike Keeling was assigned to train and work with Celesta cleaning eyewash stations. On multiple occasions while working with Mr. Keeling, Mr. Keeling stated to Celesta that "you Navajos are taking all of our jobs" and "SRP employees are not happy about it." Mr. Keeling also stated that Celesta "took his job position." Mr. Keeling's statements scared Celesta and made her feel unwelcome and uncomfortable.

19.     Celesta's new supervisor in the Facilities Department, Alaina Fitzpatrick, informed Celesta that SRP would not honor Celesta's prior promotion to "O&M II T/A" nor would SRP accept the Curriculum Celesta completed at NGS.

20.     When Celesta asked Ms. Fitzpatrick what she needed to do to obtain a promotion to O&M II T/A, Ms. Fitzpatrick responded that SRP did not have written procedures for advancing to O&M II T/A. Instead, Ms. Fitzpatrick stated that Celesta could advance by (1) working in the field with various SRP workers who possessed certain skill sets (e.g., electrical, mechanical, and HVAC) ("Skilled Workers"); (2) taking notes relating to that work; and (3) providing the notes to Ms. Fitzpatrick ("Promotion Process").

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

21.     Ms. Fitzpatrick stated that SRP employee, Justin Romero (who is male and non-Native American), was recently promoted to O&M II T/A after completing the Promotion Process.

22.     In or about March 2019, Ms. Fitzpatrick stated to Celesta that SRP no longer followed the Promotion Process. Ms. Fitzpatrick stated that Celesta would now need to pass an assessment with questions relating to electrical, mechanical, and HVAC skill sets ("Assessment").

23.     While Celesta was employed at the Facilities Department, SRP allowed similarly situated employees—who were male and non-Native American—to obtain O&M II T/A through the Promotion Process. SRP did not provide Celesta the same opportunity to complete the Promotion Process as it did for similarly situated employees.

24.     SRP did not provide Celesta with the same opportunity to complete the Promotion Process—which would have allowed her to advance to O&M II T/A—because of her gender, race, and/or national origin.

25.     On or about May 7, 2019, Celesta sent an email to Ms. Fitzpatrick and Celesta's former supervisor, Nelsen Dayzie, requesting her promotion to O&M II T/A.

26.     Celesta was not properly trained to pass the Assessment. SRP primarily assigned Celesta to job tasks unrelated to the Assessment, including, but not limited to, assigning Celesta primarily to clean eyewash stations.

27.     SRP also isolated Celesta from her male non-Native American co-workers, which negatively impacted her ability to receive the requisite training to pass the Assessment. On the other hand, SRP assigned her non-Native American male co-workers to job tasks that enabled them to qualify for O&M II T/A and obtain promotions.

28.     SRP did not properly train Celesta to pass the Assessment—which would have allowed her to advance to O&M II T/A—because of her gender, race, and/or national origin.

29.     SRP isolated Celesta from her male non-Native American co-workers—which prevented her from advancing to O&M II T/A—because of her gender, race, and/or national origin.

30.     Due to SRP's practices and conduct toward Celesta, Celesta's job opportunities have been limited and she has received disparate pay compared to similarly situated employees, including non-Native American male co-workers.

31.     Celesta took the Assessment on August 15, 2019 and October 22, 2019 but did not pass due to improper training and isolation.

32.     On or about July 26, 2019, Mr. Dayzie, acting on the direction of Ms. Fitzpatrick, ordered Celesta to clean human feces from an office carpet. Celesta was not trained to clean human feces and this task was not in Celesta's job description. Celesta objected to this request and asked that SRP please call a hazmat team to clean up the feces. Ms. Fitzpatrick and Mr. Dayzie did not ask any of Celesta's non-Native American male co-workers in the Facilities Department to clean up the feces.

33.     Celesta was ordered to clean up human feces because of her race, national origin, and gender.

C.    **Celesta repeatedly requests training for promotion to no avail**.

34.     Between October 2019 and December 2019, Celesta continued to make multiple requests to her supervisors asking them to provide her with the requisite training to advance to O&M II T/A, including adequate training to pass the Assessment.

35.     On October 29, 2019, Celesta met with Ms. Fitzpatrick to review Celesta's October 22, 2019 Assessment. Celesta informed Ms. Fitzpatrick that she was not receiving the requisite training to pass the Assessment. Celesta also informed Ms. Fitzpatrick that the questions asked during the Assessment did not pertain to the job tasks she was primarily assigned to—*i.e.* cleaning eyewash stations. Ms. Fitzpatrick and Mr. Dayzie failed to remedy this practice.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

36.     In early 2020, Celesta was assigned to a new supervisor, George Beranek.

37.     Celesta told Mr. Beranek that she was ready for O&M II T/A and placement in SRP's apprenticeship program. Celesta requested Mr. Beranek and SRP provide her with the requisite training so she could pass the Assessment, obtain O&M II T/A, and obtain an apprenticeship.

38.     Instead of providing Celesta with the training needed to pass the Assessment and obtain an apprenticeship, Mr. Beranek and Mr. Lares, who oversaw scheduling and assigning job tasks, continued to isolate Celesta from her male co-workers and primarily assign her to clean eyewash stations.

39.     Mr. Beranek also routinely made Celesta perform job tasks alone that required at least two individuals. Whereas Mr. Beranek routinely paired similarly situated employees together and provided them with the requisite training and support to advance to O&M II T/A and obtain apprenticeships.

40.     Mr. Beranek and SRP did not properly train Celesta to pass the Assessment, isolated Celesta from her male co-workers, and assigned her to primarily clean eyewash stations because of her gender, race and/or national origin.

41.     On or about January 1, 2021, Celesta provided Mr. Beranek with Defendant's Apprenticeship Selections Candidate form for him to complete. Mr. Beranek stated that she did "not meet expectations" for the apprenticeship program because she was not doing her job on the eyewash stations. Mr. Beranek's statement was false as Celesta satisfactorily completed her job on the eyewash stations. Indeed, Celesta routinely cleaned the eyewash stations in compliance with her training, policies, and procedures.

42.     During the relevant time period, several non-Native American male employees—including Mike Keeling and Paul Galindo—were promoted to O&M II T/A after being assigned job tasks that enabled them to pass the Assessment and advance to O&M II T/A, including being routinely assigned to train with Skilled Workers.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

43.     Mr. Beranek falsely stated that Celesta did "not meet expectations" for the apprenticeship program because of Celesta's gender, race, and national origin.

**D.      Defendant retaliates against Celesta for engaging in protected activities**.

44.     In March 2021, Mr. Beranek and Joe Munoz (Celesta's former foreman) made false accusations against Celesta and attempted to improperly discipline her by alleging that Celesta engaged in subpar performance on certain job tasks—*i.e.,* cleaning eyewash stations.

45.     Mr. Beranek and Mr. Munoz did not make the same false accusations against similarly situated employees nor did they make the same false allegations against Celesta's non-Native American male co-workers.

46.     Mr. Beranek and Mr. Munoz made false statements regarding Celesta and improperly disciplined her because of her gender, race, and/or national origin ("First Improper Disciplinary Action").

47.     On or about March 25, 2021, Celesta was called to a unannounced meeting with Mr. Beranek, Ms. Fitzpatrick, and Defendant's Employment and Labor Relations Manager, Matt Davis, regarding her performance. During the meeting, Mr. Davis stated to Celesta that she should not be in the profession. Mr. Davis's statement caused Celesta emotional distress and made feel unwelcome and discriminated against.

48.     Mr. Davis did not make the same statement to similarly situated employees nor did he make the same statement to Celesta's non-Native American male co-workers.

49.     Mr. Davis stated to Celesta that "she should not be in the O&M profession" because of her gender, race, and national origin.

50.     On or about March 29 and April 7, 2021, Celesta filed a harassment and discrimination complaint with SRP's Employment Labor Relations ("SRP Complaint"). A true and correct copy of the SRP Complaint is attached hereto as **Exhibit A**.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

51.     On or about March 29, 2021, Plaintiff also filed a harassment and discrimination complaint with her union (IBEW Local 266) ("Union"), the Division, and/or EEOC due to SRP's discrimination and harassment ("March 29 Discrimination Complaints").

52.     After Celesta filed the March 29 Discrimination Complaint, SRP withdrew the First Improper Disciplinary Action and transferred Celesta out of Mr. Beranek's crew.

53.     In April 2021, Celesta was assigned to a new supervisor, Jason Laughter.

54.     In January 2022, David Lares became Celesta's foreman.

55.     Mr. Lares reported to and took direction from Mr. Beranek, including, but not limited to, reporting to, and taking direction regarding Celesta.

56.     Mr. Lares and Mr. Beranek continued to limit Celesta's job opportunities, isolate Celesta from her non-Native American male co-workers, and assign her to work primarily on eyewash stations.

57.     Mr. Lares and Mr. Beranek did not engage in the same conduct toward Celesta's non-Native American male co-workers. Indeed, Celesta's non-Native American male co-workers were routinely paired together and assigned job tasks that allowed them to pass the Assessment and advance to O&M II T/A or other positions.

58.     Mr. Lares and Mr. Beranek continued to limit Celesta's job opportunities, isolate Celesta from her non-Native American male co-workers, and assign her to work primarily on eyewash stations because of her gender, race, and/or national origin.

59.     On or about February 24, 2022, Celesta stated to Mr. Laughter she wanted to be involved with mechanical training and repair of evaporator coolers. However, when SRP assigned Celesta to work on evaporator coolers, she was only assigned to *clean* the evaporator coolers.

60.     Celesta did not receive training regarding the repair or mechanics of the evaporator coolers—which was needed to assist her with passing the Assessment.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

61.     On or about February 24, 2022, Celesta stated to Mr. Laughter that she did not want to be limited to cleaning the evaporator coolers because of her gender and she believed SRP was stereotyping her and limiting her job opportunities because of her gender.

62.     SRP allowed Celesta's similarly situated employees (including Celesta's non-Native American male co-workers) the opportunity to receive training regarding the repair or mechanics of the evaporator coolers in order to provide them with the requisite skills to pass the Assessment and/or advance to O&M II T/A and/or O&M III.

63.     On or about May 16, 2022, Mr. Laughter knowingly presented and asked Celesta to sign an annual performance review that contained false information relating to Celesta's work conduct ("2022 Review").

64.     Specifically, the 2022 Review falsely accused Celesta of "challenging authority." Celesta objected and told Mr. Laughter they both knew that the statement was false. Mr. Laughter acknowledged its falsity and removed the false statement from the 2022 Review. Mr. Laughter proceeded to shred the 2022 Review and explained that he put the false statements in the 2022 Review because "Mr. Lares and management were coming down on him to take control of the situation."

65.     Mr. Laughter did not put false information in the  annual performance reviews of similarly situated employees (including Celesta's non-Native American male co-workers).

66.     Mr. Laughter asked Celesta to sign the 2022 Review—which contained knowingly false information—in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline and terminate Celesta.

67.     On or about May 16, 2022, SRP began requiring Celesta to write up job procedures for certain job tasks—which SRP did not require from similarly situated employees (including Celesta's non-Native American male co-workers).

68.     Celesta's SRP job description did not require her to write up job procedures nor was she trained or qualified to do so.

69.     Celesta responded to her supervisor, Mr. Laughter, that she was not qualified to write up job procedures and it was not in her job description. SRP proceeded to require Celesta to write up the job procedures anyway, which Celesta did.

70.     SRP did not require similarly situated employees (including Celesta's non-Native American male co-workers) to write up job procedures for job tasks.

71.     SRP required Celesta to write up job procedures for certain job tasks because of her race, national origin, and/or gender.

72.     SRP required Celesta to write up job procedures for certain job tasks in retaliation for her prior complaints of discrimination and harassment, which was in furtherance of SRP's concerted effort or scheme to find a reason to discipline and terminate Celesta.

73.     On or about June 27, 2022, Celesta filed a new harassment and discrimination complaint with SRP's Labor Relations.

74.     On or about August 2, 2022, Mr. Lares intentionally took Celesta's work phone without cause, notice, and/or permission.

75.     Mr. Lares took Celesta's work phone to access her phone and/or monitor Celesta, which Mr. Lares was not authorized to do.

76.     Celesta repeatedly called her work phone until Mr. Lares answered. Celesta demanded that he return the work phone immediately. Mr. Lares stated that "he was on his way home and would return it the next day." Celesta renewed her demands until Mr. Lares returned her work phone the evening of August 2, 2022.

77.     Mr. Lares and/or SRP do not take possession of similarly situated employees' (including Celesta's non-Native American male co-workers) work phones without cause, notice, and/or permission.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4800

78.     Mr. Lares took Celesta's work phone without cause, notice, and/or permission because of her race, national origin, and/or gender.

79.     Mr. Lares took Celesta's phone in retaliation for her prior complaints of discrimination and harassment and in furtherance of SRP's concerted effort or scheme to find a reason to discipline or terminate Celesta.

80.     On August 8, 2022, Celesta filed a new discrimination charge with the Division and EEOC alleging SRP retaliated and discriminated against her ("Aug. 8 Discrimination Complaint"). A true and correct copy of the Aug. 8 Discrimination Complaint is attached hereto as **Exhibit B**.

81.     SRP routinely followed, monitored, and tracked Celesta. Indeed, on or about October 31, 2022, SRP used its Telematics tracking system to monitor Celesta without cause or notice while she was operating her work vehicle to pick up traffic cones.

82.     SRP violated its rules, policy, and/or procedures relating to following, monitoring, and tracking its employees (including use of the Telematics system). Thus, SRP's conduct toward Celesta was improper.

83.     On information and belief, SRP did not improperly follow, monitor, and/or track (including using the Telematics system) similarly situated employees (including Celesta's non-Native American male co-workers).

84.     SRP's improperly monitored, followed, and tracked Celesta because of her race, national origin, and gender, and/or in retaliation for her prior complaints of discrimination and harassment and in furtherance of SRP's concerted effort or scheme to find a reason to discipline and/or terminate Celesta.

85.     On or about November 11, 2022, Byron Begay (an electrician in the Facilities Department) notified Celesta that he and several other employees in the Facilities Department observed Celesta's name on Byran Marsh's (O&M Manager for the Facilities

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Department) desktop screen during a morning safety meeting. Celesta's name was displayed on a projector screen to a room full of male employees.

86.     Mr. Begay also noted that Mr. Marsh's desktop screen did not contain any other employee names or folders. Mr. Begay further stated that it appeared SRP management was "building a case against her." This incident caused Celesta to feel like she was being unfairly scrutinized, harassed, embarrassed, and humiliated.

87.     Moreover, as observed by Mr. Begay and other employees, Mr. Marsh did not subject similarly situated employees (including Celesta's non-Native American male co-workers) to the same scrutiny, harassment, embarrassment, and humiliation.

88.     Mr. Marsh and/or other SRP management (including Mr. Lares, Mr. Laughter, and Mr. Beranek) unfairly targeted and isolated Celesta in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline and/or terminate Celesta.

89.     On or about January 5, 2023, Mr. Marsh convened a meeting with Celesta which was attended by SRP's Employee and Labor Relations representative, Anissa Wiederhold and Celesta's Union representatives, including Steve Vital.

90.     During the January 5, 2023 meeting, Mr. Marsh and Ms. Wiederhold ambushed Celesta with questions relating to alleged incidents that allegedly occurred back in October 2022 ("January 5 Meeting"). Celesta's Union representatives objected to the questioning and stated that Mr. Marsh and Ms. Wiederhold were harassing Celesta. The meeting was stopped and rescheduled.

91.     On January 18, 2023, Celesta was called into a meeting with Mr. Marsh, Ms. Wiederhold, and Mr. Vital.

92.     During the January 18, 2023 meeting, SRP took disciplinary action against Celesta on the basis that Celesta allegedly drove her work truck in circles ("January 18

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4800

Disciplinary Action"). Mr. Marsh claimed they observed this alleged incident through the Telematics system.

93.    The January 18 Disciplinary Action against Celesta was unwarranted and improper as Celesta did not violate any of SRP's rules or policies. In fact, Celesta was simply picking up traffic cones as directed by her supervisor.

94.    The January 5 Meeting and the January 18 Disciplinary Action against Celesta were in retaliation for Celesta's prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline or terminate Celesta.

95.    The January 18 Disciplinary Action against Celesta impeded Celesta's ability to enter into SRP's apprenticeship program and/or advance to O&M II T/A.

96.    Due to SRP's ongoing and pervasive harassment, discrimination, and retaliation, Celesta suffered damages, including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, pain and suffering, and emotional distress.

97.    On or about January 18, 2023, Celesta took an authorized leave of absence due to the ongoing discrimination and harassment from SRP.

98.    On or about May 23, 2023, Celesta returned from her leave of absence.

99.    On or about May 24, 2023, shortly after returning from her leave of absence, Mr. Lares conducted Celesta Fiscal Year 2023 Performance Review ("FY2023 Performance Review") and stated that Celesta "Did Not Meet Expectations."

100.    Prior to the FY2023 Performance Review, all of Celesta's performance reviews stated that she at least "met expectations" and found her work to be satisfactory.

101.    SRP rated Celesta as "Did Not Meet Expectations" in the FY2023 Performance Review in retaliation for Celesta's prior complaints of discrimination and

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

harassment and in furtherance of a concerted effort or scheme to find a reason to terminate Celesta.

102.    SRP's act of giving Celesta a sub-par performance review precluded Celesta from receiving her annual bonus compensation, and impeded Celesta's ability to enter into SRP's apprenticeship program and/or advance to O&M II T/A.

103.    On or about May 2, 2023, the Division provided Celesta with a Notice of Right to Sue, which was amended on July 27, 2023 ("AZ Notice of Right to Sue"). A true and correct copy of the AZ Notice of Right to Sue is attached hereto as **Exhibit C**.

104.    On September 5, 2023, the EEOC provided Celesta with a Notice of Right to Sue ("EEOC Notice of Right to Sue"). A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as **Exhibit D**.

105.    More than 180 days have passed since Celesta filed the Aug. 8 Discrimination Complaint with the Division and/or EEOC, and the Division and EEOC have not issued a decision and no appeal has been filed.

106.    This case should be assigned to Tier 2 pursuant to Ariz. R. Civ. P. 26.2(c).

## **COUNT I**
### **Race, National Origin, and Gender-Based Discrimination Under the Arizona Civil Rights Act**

107.    Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

108.    A.R.S. § 41-1463 *et seq* prohibits discrimination based on race or gender in employment.

109.    Defendant is an "employer" within the meaning of A.R.S. § 41-1461(7).

110.    Celesta is an "employee" within the meaning of A.R.S. § 41-1461(6).

111.    Celesta is female and an enrolled member of the Navajo Nation who belongs to a racial minority. Thus, Celesta is considered a "protected class" under Arizona law.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

112.   Defendant unlawfully subjected Celesta to discrimination and disparate treatment based on her status as a female and Native American/Navajo woman as outlined above.

113.   At all relevant times, Celesta has been qualified for the O&M II and O&M T/A position and has performed her work at SRP satisfactory, if not better than her male non-Native American co-workers.

114.   SRP caused Celesta to suffer an adverse employment action while working at SRP including, but not limited to, limiting or decreasing Celesta's job opportunities, training and responsibilities, failing to promote Celesta, creating a hostile work environment, harassing Celesta, impeding Celesta's ability to obtain higher wages, baselessly reprimanding Celesta, making false statements on Celesta's performance reviews, impeding Celesta's ability to take and/or pass promotional tests or exams, transferring Celesta to another job or supervisor, harassing and/or retaliating against Celesta for submitting legitimate complaints regarding SRP's unlawful and improper conduct.

115.   Moreover, SRP limited, segregated, or classified Celesta in a way that deprived or tended to deprive her of employment opportunities, promotions, and precluded her from apprenticeship programs based on race, national origin, and gender.

116.   Similarly situated employees at SRP who did not belong to Celesta's protected class (i.e., Celesta's non-Native American male co-workers) were treated more favorably than Celesta.

117.   As a result of Defendant's unlawful discrimination, Celesta has suffered damages, including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

118.   Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

58290036_2

119.   Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481.

## COUNT II
### Retaliation Under the Arizona Civil Rights Act

120.   Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

121.   A.R.S. § 41-1464 *et seq.* prohibits discrimination against an employee because that employee has opposed any unlawful employment practice or has made a charge of employment discrimination under the Arizona Civil Rights Act.

122.   Celesta engaged in a protected employment activity when she made formal and informal discrimination complaints with Defendant's Employment and Relations, the Union, the Division and EEOC.

123.   Defendant subjected Celesta to adverse employment actions after Celesta made such complaints by, including, but not limited to, subjecting her to a hostile work environment; transferring her to a different work crew; limiting her job opportunities, duties and responsibilities; isolating her from her male co-workers, assigning her to work primarily at eyewash stations; making her perform job tasks alone that typically required at least two individuals; taking unwarranted and improper disciplinary actions against her; giving her unwarranted negative job evaluations and underserved performance ratings; embarrassing and humiliating her; singling her out in an investigation that was known and obvious to her male co-workers; taking her work phone without notice and permission; improperly tracking and monitoring her; and taking unwarranted and improper disciplinary actions against her.

124.   The protected employment activity and adverse actions are linked because each adverse employment action was implemented close in time to her informal and formal discrimination complaints.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

16

125.    As a result of Defendant's unlawful retaliation, Celesta has suffered damages including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

126.    Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

127.    Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481.

### COUNT III
### Race, National Origin, and Gender-Based Discrimination Under Title VII of the U.S. Civil Rights Act

128.    Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

129.    42 U.S.C. § 2000e-2 *et seq.* prohibits discrimination based on race or gender in employment.

130.    Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

131.    Celesta is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

132.    Celesta is female and an enrolled member of the Navajo Nation who belongs to a racial minority. Thus, Celesta is considered a "protected class" under federal law.

133.    Defendant unlawfully subjected Celesta to discrimination and disparate treatment based on her status as a female and Native American/Navajo woman as outlined above.

134.    At all relevant times, Celesta has been qualified for the O&M II and O&M T/A position and has performed her work at SRP satisfactory, if not better than her male non-Native American co-workers.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4800

58290036_2

17

135.    SRP caused Celesta to suffer an adverse employment action while working at SRP including, but not limited to, limiting or decreasing Celesta's job opportunities, training and responsibilities, failing to promote Celesta, creating a hostile work environment, harassing Celesta, impeding Celesta's ability to obtain higher wages, baselessly reprimanding Celesta, making false statements on Celesta's performance reviews, impeding Celesta's ability to take and/or pass promotional tests or exams, transferring Celesta to another job or supervisor, harassing and/or retaliating against Celesta for submitting legitimate complaints regarding SRP's unlawful and improper conduct.

136.    Moreover, SRP limited, segregated, or classified Celesta in a way that deprived or tended to deprive her of employment opportunities, promotions, and precluded her from apprenticeship programs based on race, national origin, and gender.

137.    Similarly situated employees at SRP who did not belong to Celesta's protected class (i.e., Celesta's non-Native American male co-workers) were treated more favorably than Celesta.

138.    As a result of Defendant's unlawful discrimination, Celesta has suffered damages, including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

139.    Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

140.    Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341, and 42 U.S.C. § 2000e-5.

## COUNT IV
### Retaliation Under Title VII of the U.S. Civil Rights Act

141.    Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

142.   42 U.S.C. § 2000e-3 *et seq.* prohibits discrimination against an employee because that employee has opposed any unlawful employment practice or has made a charge of employment discrimination under Title VII of the U.S. Civil Rights Act.

143.   Celesta engaged in a protected employment activity when she made formal and informal discrimination complaints with Defendant's Employment and Relations, the Union, and the Division and EEOC.

144.   Defendant subjected Celesta to adverse employment actions after Celesta made such complaints by, including, but not limited to, subjecting her to a hostile work environment; transferring her to a different work crew; limiting her job opportunities, duties and responsibilities; isolating her from her male co-workers, assigning her to work primarily at eyewash stations; making her perform job tasks alone that typically required at least two individuals; taking unwarranted and improper disciplinary actions against her; giving her unwarranted negative job evaluations and underserved performance ratings; embarrassing and humiliating her; singling her out in an investigation that was known and obvious to her male co-workers; taking her work phone without notice and permission; improperly tracking and monitoring her; and taking unwarranted and improper disciplinary actions against her.

145.   The protected employment activity and adverse actions are linked because each adverse employment action was implemented close in time to her informal and formal discrimination complaints.

146.   As a result of Defendant's unlawful retaliation, Celesta has suffered damages including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

147.   Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4800

58290036_2

19

148.   Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 42 U.S.C. § 2000e-5.

## **REQUEST FOR RELIEF**

WHEREFORE, Celesta demands judgment in her favor against Defendant as follows:

A.  An award of general and special damages in an amount to be proven at trial;

B.  An award of punitive damages in an amount to be proven at trial;

C.  An award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481, and 42 U.S.C. § 2000e-5; and

D.  Any other relief that is just and reasonable under the circumstances.

DATED this date 18th of September, 2023

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Matthew A. Ramirez*
      Mark D. Lammers
      Matthew A. Ramirez
      *Attorneys for Plaintiff*

By      */s/ Joan Harris*

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

# EXHIBIT A

## Littleman Celesta

**From:**       Mariner Ernest L (Ernie)
**Sent:**       Wednesday, March 31, 2021 2:37 PM
**To:**         Littleman Celesta
**Cc:**         Adams Keisha S
**Subject:**    RE: Important

Celesta, thanks for taking time to write up and send me your concerns. My Labor Relations rep Keisha Adams will be reaching out to you to discuss further.

**From:** Littleman Celesta <Celesta.Littleman@srpnet.com>
**Sent:** Monday, March 29, 2021 8:44 PM
**To:** Mariner Ernest L (Ernie) <Ernie.Mariner@srpnet.com>
**Subject:** Important
**Importance:** High

Ernest Mariner,

I am a proud employee with Salt River Project and I value my long-term employment here. I've been a proud employee for 8 years at Salt River Projects. I transition from Navajo Generating Stations 3 years ago. I need your assistance as a Human Resource Director and it involves harassment. I am requesting your intervention in this human resource matter, I have been experiencing harassment since George Beranek became my supervisor.

As the only woman in the Facilities crew I've been systemically isolated from working with my team. A review of the daily crew schedule will show you I am being excluded from participation from the crew. I am experiencing discrimination, I've heard blatant stereotypical and discriminatory comments being a woman in my field. Some of the comments I've been subjected to include, "You took my position and you people from NGS (Navajo Generating Station) came down", "Maybe it's not the right fit for you", "She is in the wrong profession." One of these comments was made and recorded by Matt Davis on March 25, 2021. I've heard these comments from every level. These stereotypical and sexist comments about me are supposed to make me feel that I do not belong in my field. It is used against me because I am a woman.

I've been denied my bi-weekly meeting I haven't had a one on one meetings for the last 4 months, if I don't have direct contact with my supervisor it hinders my ability to track and improve my performance, during the performance process they've deviated from the employee handbook. The supervisor is skipping several steps that are in the employee handbook when it comes to my performance process. My supervisor deviated from the protocol and Salt River Project employee handbook. According to the employee handbook there is no investigation for job performance.

I am the only woman on my crew and being singled out. There is a very clear protocol in the employee handbook that is being skipped. I haven't had the opportunity to monitor my progress on my job performance because I've been denied the opportunity for my one on one meetings. The last time I had a on one meetings was 4 months ago. In August 19th 2020, I was pulled in for a coaching session, within less than a month I went from a coaching session to an oral reminder in September 8, 2021. After the oral reminder I was only provided one day of training which is inadequate. Then I completed short series of one on one meeting before my supervisor stopped meeting with me four months ago. Then I was informed of a written reminder to take place on March 25, 2021 however the written reminder never occurred. Instead I was given a notice that I am being investigated as part of my performance, which is not indicated for use as part of the performance and appraisal process according to the employee handbook. Upon review you will find that my supervisor is not following the employee handbook protocol. According to the employee handbook investigation is used only for reports of unethical behavior or illegal acts, not performance. My supervisor is not following protocol and

is misusing investigation. Thank you for reviewing my letter and if you have any question you reach me on my work phone at 602-376-6314 and/or if you want to discuss anything with me.

Respectfully,

Celesta

**Littleman Celesta**

| | |
|---|---|
| **From:** | Littleman Celesta |
| **Sent:** | Wednesday, April 7, 2021 5:43 PM |
| **To:** | Adams Keisha S |
| | |
| **Importance:** | High |

Hi Keisha Adams,

I forgot to mention while I had you on the phone earlier of a recent discriminatory statement that was said to me on Tuesday, March 30, 2021 during my lunch break at 16th Street. There was one temporary and one provisional employee taking their lunch break with me. Joe Munoz, who is my working foreman after a brief conversation with us, he stated, "Salt River Project should gave all Navajo Generating Station a severance instead of being all you down then we won't be over TO...he also, stated he addressed it in a meeting with Kelly Barr."

I want to express, I feel I am being discriminated because I am a Native American woman and a target at Salt River Project. There is a consistent pattern, history, being the only Navajo woman in my Facilities Department and a lot of additional relations.

Again, I feel like I am being discriminated because I am Native American by my Supervisor, George Beranek and Foreman Joe Munoz it is shown and clear proof with his discriminatory statement on Tuesday, March 30, 2021. I believe it is trickling down among my coworkers which makes me a target for being Native American.

I apologize for the delay but I want to add this to the investigation and preoccupied these past few days sorting through my documents with the timeline and gathering any additional documents you may need.


Respectfully,

Celesta Littleman

# EXHIBIT B

| EMPLOYMENT CHARGE OF DISCRIMINATION, Page 1 of 2 | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ■ FEPA ☐ EEOC | |

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC
*State or Local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* Ms. Celesta Littleman | | TELEPHONE NUMBER *(Include Area Code)* 480-647-1311 |
|---|---|---|
| STREET ADDRESS 5708 E. Butte St. | CITY, STATE AND ZIP CODE Mesa, AZ 85205 | DATE OF BIRTH 01/11/1979 |
| ATTORNEY NAME | LAW FIRM | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | EMAIL ADDRESS |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME Salt River Project Agricultural Improvement and Power District | NUMBER OF EMPLOYEES/MEMBERS Cat. D | TELEPHONE NUMBER *(Include Area Code)* 602-236-8888 |
|---|---|---|
| STREET ADDRESS 1500 N. Mill Ave | CITY, STATE AND ZIP CODE Tempe, AZ 85281 | COUNTY Maricopa |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN   ☐ AGE | *EARLIEST (ADEA/EPA)*      *LATEST(ALL)* |
| ☒ RETALIATION   ☐ DISABILITY   ☐ GENETIC TEST RESULTS   ☐ OTHER (Specify) | 05/19/2022   ☐ Continuing Action |

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s):*

**I.   PERSONAL HARM: A.** Respondent subjected me to different terms and conditions of employment.

**II.   RESPONDENT'S REASON FOR ADVERSE ACTION: A.** None given.

**III.   DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my sex; female, my race; Native American; and because I opposed a practice made unlawful under the Arizona Civil Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The particulars are:

A.   On or around May 7, 2018 I began my employment with Respondent as an Operations & Maintenance Specialist II in Respondent's Operations & Maintenance department. I have continued in this position throughout my employment. My most recent supervisor is Jason Laughter.

B.   Since the beginning of my employment, and continuing throughout to the present time, Respondent has subjected me to sex and race-based discrimination that includes but is not limited to being the only Native American woman on my crew, unwarranted write-ups regarding my job performance, and being assigned tasks that isolate me from my male co-workers and limit my job opportunities.

C.   In or around January 2022, Respondent's foreman, David Lares, began overseeing my work schedule and began assigning me to perform tasks on my own that required more than one person. On or around February 10, 2022, I attempted to speak with Lares to request additional training. He was dismissive of my request. In or around March or April 2022, I attempted to speak with Lares again to request why I was being

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY COMPLAINT IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF COMPLAINANT AND DATE: *Celesta Littleman*   8-8-22 |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)* 08/08/2022 |

PETER REINER
Notary Public - Arizona
Maricopa County
Commission # 588188
My Commission Expires August 16, 2024

Littleman/SBS
#SKSBRJ1E0EGEH3v1     REVISED 6/19. PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

| EMPLOYMENT CHARGE OF DISCRIMINATION, Page 2 of 2<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | CHARGE NUMBER |
|---|---|

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC

CASE NAME: Ms. Celesta Littleman v. Salt River Project Agricultural Improvement and Power District

assigned a heavier workload than my male counterparts. Lares was again dismissive. I believe Lares actions to be sex and race-based discrimination.

D.  In or around May 2022, following my annual performance review, Jason Laughter informed me that Lares had stated I was challenging authority and had alleged I was not performing my job satisfactorily. On or around May 19, 2022, Respondent began assigning me to write job procedures; a task I had not been trained to perform. I believe Lares statements and Respondent's actions to be further sex and race-based discrimination and retaliation.

E.  I believe and therefore allege that but for my sex, female, and my race, Native American, Respondent would not have subjected me to sex and race-based discrimination and retaliation.

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY COMPLAINT IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF COMPLAINANT AND DATE:<br><br>*Celesta Littleman* 8-8-22 |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | 08/08/2022<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)*<br><br>PETER REINER<br>Notary Public - Arizona<br>Maricopa County<br>Commission # 588188<br>My Commission Expires August 16, 2024 |

REVISED 6/19. PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT C



OFFICE OF THE ARIZONA ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

KRIS MAYES
ATTORNEY GENERAL

LESLIE ROSS
ACTING CHIEF COUNSEL

## NOTICE OF RIGHT TO SUE
May 2, 2023

**SENT VIA U.S. MAIL AND EMAIL**
Celesta Littleman
c/o Matthew A. Ramirez, Esq.
6363 North Swan Road, Suite 151
Tucson, AZ 85718
MRamirez@rllaz.com

Re:   Celesta Littleman v. Salt River Project Agricultural Improvement and Power District
      CRD No.:CRD-2022-0817, EEOC No.: 35A-2022-00559
      **DIVISION FILING DATE: August 8, 2023**

On August 8, 2023  you filed a Charge of Discrimination ("Charge") with the Division of Civil Rights Section ("Division") alleging employment discrimination. You have a right to file a lawsuit against Respondent(s) under the Arizona Civil Right Act ("ACRA") based on this Charge. This Notice is being sent to you because the Division is still investigating your Charge of Discrimination, but there are approximately 90 days left before the expiration of the one-year deadline for you to file an ACRA action in court.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than one year after the date on which you filed your charge with the Division. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit</u>. If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (520) 628-6500, 1-877-491-5740 (toll free), TDD (520) 628-6872, or TDD (877) 881-7552 (toll free).

Sincerely,

Linda Bohlke, Compliance Manager



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

**CIVIL LITIGATION DIVISION**
**DIVISION OF CIVIL RIGHTS SECTION**

KRIS MAYES
ATTORNEY GENERAL

LESLIE ROSS
CHIEF COUNSEL

# AMENDED
# NOTICE OF RIGHT TO SUE

July 27, 2023

**SENT VIA U.S. MAIL AND EMAIL**
Celesta Littleman
c/o Matthew A. Ramirez, Esq.
6363 North Swan Road, Suite 151
Tucson, AZ  85718
MRamirez@rllaz.com

Re:   Celesta Littleman v. Salt River Project Agricultural Improvement and Power District
        CRD No.:CRD-2022-0817, EEOC No.: 35A-2022-00559
        **DIVISION FILING DATE: August 8, 2022**

On August 8, 2022 you filed a Charge of Discrimination ("Charge") with the Division of Civil Rights Section ("Division") alleging employment discrimination. You have a right to file a lawsuit against Respondent(s) under the Arizona Civil Right Act ("ACRA") based on this Charge. This Notice is being sent to you because the Division is still investigating your Charge of Discrimination, but there are approximately 90 days left before the expiration of the one-year deadline for you to file an ACRA action in court.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than one year after the date on which you filed your charge with the Division. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit</u>. If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (520) 628-6500, 1-877-491-5740 (toll free), TDD (520) 628-6872, or TDD (877) 881-7552 (toll free)

Sincerely,

Linda Bohlke, Compliance Manager

PHOENIX  •  2005 NORTH CENTRAL AVENUE, PHOENIX, AZ 85004  •  602.542.5263
TUCSON  •  400 WEST CONGRESS, SOUTH BUILDING, SUITE S-315, TUCSON, AZ 85701  •  520.628.6500
WWW.AZAG.GOV

# EXHIBIT D

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Celesta Littleman**<br>**5708 E. Butte St.**<br>**Mesa, AZ 85205** | From:  **Phoenix District Office**<br>**3300 North Central Avenue, Suite 690**<br>**Phoenix, AZ 85012** |

| EEOC Charge No.<br>**35A-2022-00559** | EEOC Representative<br>**ROBIN CAMPBELL,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**602-661-0041** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

09/05/2023

Enclosures(s)

**Melinda Caraballo for Nancy Sienko**
**Acting District Director**

cc:  **Christie L Kriegsfeld**
**Senior Attorney**
**SRP/Legal Services/Mail Stop: PAB381**
**P.O. Box 52025**
**Phoenix, AZ 85072-2025**

**Matthew A. Ramirez, Esq.**
**6363 North Swan Road, Suite 151**
**Tucson, AZ 85718**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS     --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Attorney or Party without Attorney:
  Matthew A. Ramirez, Esq
  RUSING LOPEZ & LIZARDI PLLC
  6363 N Swan Road Suite 151
  Tucson, AZ 85718
  *TELEPHONE No.:* (520) 792-4800
  *Attorney for:* Plaintiff Littleman, Celesta

*Ref No. or File No.:* 120364.001

CLERK OF THE
SUPERIOR COURT
FILED
A. PLASCENCIA, DEP
2023 OCT 12 PM 1:51

Insert name of Court, and Judicial District and Branch Court:
  In MARICOPA COUNTY SUPERIOR in and for the County of MARICOPA

*Petitioner:* CELESTA LITTLEMAN, an individual

*Respondent:* THE SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER DISTRICT, a
  non-profit organization and political subdivision of the State of Arizona

| CERTIFICATE OF SERVICE | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: CV2023-093545 |
| --- | --- | --- | --- | --- |

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; EXHIBIT A-D; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVER SHEET

  a. Party served     THE SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER DISTRICT, BY
                         SERVICE UPON, JOHN FELTY

  b. Person Served     John Felty - Authorized to Accept
     Age: 51-55 Race: Caucasian Sex: Male Eyes: Height: 5'1 - 5'6 Weight: 181-200 Lbs Hair: Gray /White

Address where served: 1500 N Mill Ave
                           Tempe, AZ 85288-1252

5. I served the party
  a. I personally delivered the documents to the party or person authorized to
    receive service of process for the party (1) on: 10/3/2023   (2) at: 9:32 AM

Person who served papers:
  Name: Gregory Scott Hardy
  County of Maricopa, MC9021
  177 N. Church Ave. Ste. 1015
  Tucson, AZ 85701
  (520) 288-8939
  www.NationwideLegal.com

The fee for service was: $ 77.50

Date:  October 4, 2023



                  (Gregory Scott Hardy)

TUC81491



Clerk of the Superior Court
*** Electronically Filed ***
09/29/2023 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2023-093545                                         09/15/2023


                                        CLERK OF THE COURT
HONORABLE DANIELLE J. VIOLA                T. Nestor-Donohue
                                               Deputy


CELESTA LITTLEMAN                    MATTHEW A RAMIREZ

v.

SALT RIVER PROJECT AGRICULTURAL      SALT RIVER PROJECT
IMPROVEMENT & POWER DISTRICT, THE    AGRICULTURAL IMPROVEMENT &
                                     POWER DISTRICT, THE
                                     1500 N MILL AVE
                                     TEMPE AZ  85288


                                     JUDGE DRIGGS
                                     JUDGE SINCLAIR
                                     JUDGE VIOLA


**CASE REASSIGNMENT – EFFECTIVE SEPTEMBER 29, 2023**

     This case, CV2023-093545, was previously assigned to the Honorable Adam Driggs.
The Civil Department has identified a need to rebalance judicial caseloads to maximize judicial
resources and enhance efficiency in case management.  Consistent with AO 2023-136 and with
approval of the Arizona Supreme Court,

     **IT IS ORDERED** reassigning this case to Civil Calendar CVJ-13, the Honorable Joan
Sinclair, for all further proceedings effective September 29, 2023.

     **IT IS FURTHER ORDERED** that the parties shall jointly file within 10 days of the date
of this minute entry, a notice with the new division listing any outstanding motions (including
the file dates), whether they are ripe for resolution, and whether any hearings need to be set.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2023-093545                                          09/15/2023


**IT IS FURTHER ORDERED** affirming any and all hearings currently set in this matter which will be heard by the Honorable Joan Sinclair unless otherwise modified or rescheduled by Judge Joan Sinclair.

All hearings set via court connect can be accessed as follows:


Please join from your computer, tablet or smartphone.
www.tinyurl.com/jbazmc-cvj13

You can also dial in using your phone (audio only)
+1(917) 781-4590
Phone Conference ID: 776 371 089#


All hearings set in person will be held at the following location:

The Honorable Joan Sinclair
Maricopa County Superior Court
East Court Building
101 W. Jefferson
9th Floor, Courtroom 911
Phoenix, AZ 85003
Phone: 602-372-4553

Effective September 29, 2023, please direct all future filings and any courtesy copies to Judge Joan Sinclair's division.

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
7/31/2023 6:37:19 PM
Filing ID 16368945

1

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
2
Tucson, Arizona 85718
Telephone: (520) 792-4800
3
Facsimile: (520)529-4262
mdlammers@rllaz.com
4
mramirez@rllaz.com

5

6
Mark D. Lammers
State Bar No. 010335
7
Matthew A. Ramirez
State Bar No. 036408

8
*Attorneys for Plaintiff Celesta Littleman*                **CV2023-093545**

9
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10
**IN AND FOR THE COUNTY OF MARICOPA**

11

12
CELESTA LITTLEMAN, an individual          NO.

13
                            Plaintiff,          **COMPLAINT**

14
vs.                                                 (Assigned to _____ )

15
THE SALT RIVER PROJECT
AGRICULTURAL IMPROVEMENT &
16
POWER DISTRICT, a non-profit
organization and political subdivision of
17
the State of Arizona,

18
                            Defendant.

19

20
I.     **PARTIES, JURISDICTION, VENUE**

21
    1.     Plaintiff Celesta Littleman ("Plaintiff" or "Celesta") is a resident of Maricopa

22
County, Arizona.

23
    2.     Defendant The Salt River Project Agricultural Improvement & Power District

24
("Defendant" or "SRP") is a non-profit organization and political subdivision of the State of

25
Arizona.

26

3. All acts complained of herein which gave rise to Celesta's claims against Defendant occurred in Maricopa County, Arizona.

4. Celesta timely filed a Charge of Discrimination with the Division of Civil Rights Section ("the Division") of the Office of the Arizona Attorney General and received a Notice of Right to Sue from the Division on May 2, 2023.

5. Jurisdiction and Venue in this Court are proper pursuant to Arizona Constitution Article VI, § 14, and A.R.S. §§ 12-123, 12-401, and 41-1481.

## II.   GENERAL ALLEGATIONS

6. Celesta is a Native American woman and enrolled member of the Navajo Nation, which is federally recognized Indian tribe.

7. Defendant SRP is a quasi-public entity that provides water and power to more than 2 million customers in Arizona. SRP has employed more than fifteen employees for twenty or more weeks during the current or preceding year.

**A.   Celesta starts working at SRP's Navajo Generating Station.**

8. In May 2009, Celesta obtained a bachelor's degree in criminology and criminal Justice from Arizona State University.

9. In December 2014, Celesta began working for SRP at its Navajo Generating Station ("NGS") in Page, Arizona as an Operations and Maintenance Specialists ("O&M").

10. There are at least four O&M levels: (1) O&M I; (2) O&M II; (3) O&M II Thereafter ("O&M II T/A"); and (4) O&M III. Each O&M level provides different pay; the higher the O&M level the more compensation an employee receives.

11. In 2015, Celesta was promoted to O&M II.

12. While working at NGS, Celesta was awarded SRP's Presidential Safety Award, excelled on her annual performance reviews, and received no disciplinary actions. In other words, Celesta was a model employee.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

13.     In April 2018, Celesta successfully completed SRP's curriculum, training, and assessment ("Curriculum") for promotion to O&M II T/A.

**B.      Celesta is transferred and subjected to race and gender discrimination.**

14.     Before finalizing the promotion, SRP transferred Celesta to its Facilities Department in Tempe, Arizona ("Facilities Department") due to plans to close NGS.

15.     Celesta is the only Native American female of approximately 25 employees in the Facilities Department.

16.     At all relevant times, Celesta performed her job at SRP satisfactorily, if not better than similarly situated employees, who were predominately male and non-Native American.

17.     Upon Celesta's transfer to the Facilities Department, Mike Keeling was assigned to train and work with Celesta cleaning eyewash stations. On multiple occasions while working with Mr. Keeling, Mr. Keeling stated to Celesta that "you Navajos are taking all of our jobs" and "SRP employees are not happy about it." Mr. Keeling also stated that Celesta "took his job position." Mr. Keeling's statements scared Celesta and made her feel unwelcome and uncomfortable.

18.     Shortly after Celesta's transfer to the Facilities Department, Celesta's new supervisor, Alaina Fitzpatrick, informed Celesta that SRP would not honor Celesta's prior promotion to "O&M II T/A" nor would SRP accept the Curriculum Celesta completed at NGS.

19.     When Celesta asked Ms. Fitzpatrick what she needed to do to obtain a promotion to O&M II T/A, Ms. Fitzpatrick responded that SRP did not have written procedures for advancing to O&M II T/A. Instead, Ms. Fitzpatrick stated that Celesta could advance by (1) working in the field with various SRP workers who possessed certain skill sets (e.g., electrical, mechanical, and HVAC) ("Skilled Workers"); (2) taking notes relating to that work; and (3) providing the notes to Ms. Fitzpatrick ("Promotion Process").

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

20.    Ms. Fitzpatrick stated that SRP employee, Justin Romero (who is a non-Native American male), was recently promoted to O&M II T/A after completing the Promotion Process.

21.    In or about March 2019, Ms. Fitzpatrick stated to Celesta that SRP no longer followed the Promotion Process. Ms. Fitzpatrick stated that Celesta would now need to pass an assessment with questions relating to electrical, mechanical, and HVAC skill sets ("Assessment").

22.    While Celesta was employed at the Facilities Department, SRP allowed similarly situated employees—who were male and non-Native American—to obtain O&M II T/A through the Promotion Process. SRP did not provide Celesta the same opportunity to complete the Promotion Process as it did for similarly situated employees.

23.    On information and belief, SRP did not provide Celesta with the same opportunity to complete the Promotion Process—which would have allowed her to advance to O&M II T/A—because of her gender, race, and/or national origin.

24.    On or about May 7, 2019, Celesta sent an email to Ms. Fitzpatrick and Celesta's former supervisor, Nelsen Dayzie, requesting her promotion to O&M II T/A.

25.    Celesta was not properly trained to pass the Assessment. SRP primarily assigned Celesta to job tasks unrelated to the Assessment, including, but not limited to, assigning Celesta primarily to clean eyewash stations.

26.    SRP also isolated Celesta from her male non-Native American co-workers, which negatively impacted her ability to receive the requisite training to pass the Assessment. On the other hand, SRP assigned her non-Native American male co-workers to job tasks that enabled them to qualify for O&M II T/A and further promotions.

27.    On information and belief, SRP did not properly train Celesta to pass the Assessment—which would have allowed her to advance to O&M II T/A—because of her gender, race, and/or national origin.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

28.     On information and belief, SRP isolated Celesta from her male non-Native American co-workers—which prevented her from advancing to O&M II T/A—because of her gender, race and national origin.

29.     Due to SRP's practices and conduct toward Celesta, Celesta's job opportunities have been limited and she has received disparate pay compared to similarly situated employees, including non-Native American male co-workers.

30.     Celesta took the Assessment on August 15, 2019 and October 22, 2019 but did not pass due to improper training and isolation.

31.     On or about July 26, 2019, Mr. Dayzie, acting on the direction of Ms. Fitzpatrick, ordered Celesta to clean human feces from an office carpet. Celesta was not trained to clean human feces and this task was not in Celesta's job description. Celesta objected to this request and asked that SRP please call a hazmat team to clean up the feces. Ms. Fitzpatrick and Mr. Dayzie did not ask any of Celesta's non-Native American male co-workers in the Facilities Department to clean up the feces.

32.     On information and belief, Celesta was ordered to clean up human feces because of her race, national origin, and gender.

**C.    Celesta repeatedly requests training for promotion to no avail**.

33.     Between October 2019 and December 2019, Celesta continued to make multiple requests to her supervisors asking them to provide her with the requisite training to advance to O&M II T/A, including adequate training to pass the Assessment.

34.     On October 29, 2019, Celesta met with Ms. Fitzpatrick to review Celesta's October 22, 2019 Assessment. Celesta informed Ms. Fitzpatrick that she was not receiving the requisite training to pass the Assessment. Celesta also informed Ms. Fitzpatrick that the questions asked during the Assessment did not pertain to the job tasks she was primarily assigned to—*i.e.* cleaning eyewash stations. Ms. Fitzpatrick and Mr. Dayzie failed to remedy this practice.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

35. In early 2020, Celesta was assigned to a new supervisor, George Beranek.

36. Celesta told Mr. Beranek that she was ready for O&M II T/A and placement in SRP's apprenticeship program. Celesta requested Mr. Beranek and SRP provide her with the requisite training so she could pass the Assessment, obtain O&M II T/A, and obtain an apprenticeship.

37. Instead of providing Celesta with the training needed to pass the Assessment and obtain an apprenticeship, Mr. Beranek and Mr. Lares, who oversaw scheduling and assigning job tasks, continued to isolate Celesta from her male co-workers and assign her to primarily clean eyewash stations.

38. Mr. Beranek also routinely made Celesta perform job tasks alone that required at least two individuals. Whereas Mr. Beranek routinely paired similarly situated employees together and provided them with the requisite training and support to advance to O&M II T/A and obtain apprenticeships.

39. On information and belief, Mr. Beranek and SRP did not properly train Celesta to pass the Assessment, isolated Celesta from her male co-workers, and assigned her to primarily clean eyewash stations because of her gender, race and/or national origin.

40. On or about January 1, 2021, Celesta provided Mr. Beranek with Defendant's Apprenticeship Selections Candidate form for him to complete. Mr. Beranek stated that she did "not meet expectations" for the apprenticeship program because she was not doing her job on the eyewash stations. Mr. Beranek's statement was false as Celesta completed her job on the eyewash stations better than she was trained.

41. During the relevant time period, several non-Native American male employees—including Mike Keeling and Paul Galindo—were promoted to O&M II T/A after being assigned job tasks that enabled them to pass the Assessment and advance to O&M II T/A, including being routinely assigned to train with Skilled Workers.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

42.     On information and belief, Mr. Beranek falsely stated that Celesta did "not meet expectations" for the apprenticeship program because of Celesta's gender, race and national origin.

**D.     Defendant retaliates against Celesta for engaging in protected activities.**

43.     In March 2021, Mr. Beranek and Joe Munoz (Celesta's former foreman) made false accusations against Celesta and attempted to improperly discipline her by alleging that Celesta engaged in subpar performance on certain job tasks—*i.e.,* cleaning eyewash stations.

44.     On information and believe, Mr. Beranek and Joe Munoz did not make the same false accusations regarding similarly situated employees nor did they make the same false allegations against Celesta's non-Native American male co-workers.

45.     On information and belief, Mr. Beranek and Mr. Munoz made false statements regarding Celesta and improperly disciplined her because of her gender, race, and/or national origin ("First Improper Disciplinary Action").

46.     On or about March 25, 2021, Celesta was called to a surprise meeting with Mr. Beranek, Ms. Fitzpatrick, and Defendant's Employment and Labor Relations Manager, Matt Davis, regarding her performance. During the meeting, Mr. Davis stated to Celesta that she should not be in the profession. Mr. Davis's statement caused Celesta emotional distress and made feel unwelcome and discriminated against.

47.     On information and belief, Mr. Davis did not make the same statement to similarly situated employees nor did he make the same statement to Celesta's non-Native American male co-workers.

48.     On information and belief, Mr. Davis stated to Celesta that she should not be in the O&M profession because of her gender, race and national origin.

49.     On or about March 29 and April 7, 2021, Celesta filed a harassment and discrimination complaint with SRP's Employment Labor Relations ("SRP Complaint"). A true and correct copy of the SRP Complaint is attached hereto as **Exhibit A**.

50.     On or about March 29, 2021, Plaintiff also filed a harassment and discrimination complaint with her union (IBEW Local 266) and the Arizona Attorney General's Office due to SRP's discrimination and harassment ("March 29 Discrimination Complaints").

51.     After Celesta filed the March 29 Discrimination Complaint, SRP withdrew the First Improper Disciplinary Action and transferred Celesta from Mr. Beranek's crew.

52.     In April 2021, Celesta was assigned to a new supervisor, Jason Laughter, and, in January 2022, David Lares became Celesta's foreman.

53.     Mr. Lares reported to and took direction from Mr. Beranek, including, but not limited to, reporting to and taking direction regarding Celesta.

54.     Mr. Lares and Mr. Beranek continued to limit Celesta's job opportunities, isolate Celesta from her non-Native American male co-workers, and assign her to work primarily on eyewash stations.

55.     On information and belief, Mr. Lares and Mr. Beranek did not engage in the same conduct toward Celesta's non-Native American male co-workers. Indeed, Celesta's non-Native American male co-workers were routinely paired together and assigned job tasks that allowed them to pass the Assessment and advance to O&M II T/A or other positions.

56.     On information and belief, Mr. Lares and Mr. Beranek continued to limit Celesta's job opportunities, isolate Celesta from her non-Native American male co-workers, and assign her to work primarily on eyewash stations because of her gender, race, and national origin.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

57.     On or about February 24, 2022, Celesta stated to Mr. Laughter she wanted to be involved with mechanical training and repair of evaporator coolers, and when she was assigned to the evaporator coolers, she was only assigned to *clean* the evaporator coolers.

58.     On or about February 24, 2022, Celesta also stated that she did not want to be limited to cleaning because she is a woman and that she believed SRP was stereotyping her and limiting her job opportunities because of her gender.

59.     On or about May 16, 2022, Mr. Laughter knowingly presented and asked Celesta to sign an annual performance review that contained false information relating to Celesta's conduct ("2022 Review").

60.     Specifically, the 2022 Review falsely accused Celesta of "challenging authority." Celesta objected and told Mr. Laughter they both knew that the statement was false. Mr. Laughter acknowledged its falsity and removed the false statement from the 2022 Review. Mr. Laughter proceeded to shred the 2022 Review and explained that he put the false statements in the 2022 Review because "Mr. Lares and management were coming down on him to take control of the situation."

61.     On information and belief, Mr. Laughter did not put false information in Celesta's non-Native American co-workers' 2022 annual performance review.

62.     On information and belief, Mr. Laughter asked Celesta to sign the 2022 Review—which contained knowingly false information—in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline and terminate Celesta.

63.     On or about May 16, 2023, SRP began requiring Celesta to write up job procedures for certain job tasks—which SRP did not require from similarly situated employees (including Celesta's non-Native American male co-workers).

64.    Celesta responded to her supervisor, Mr. Laughter, that she was not qualified to write up job procedures and it was not in her job description. SRP proceeded to require Celesta write up the job procedures anyway, which Celesta did.

65.    On information and belief, SRP required Celesta to write up job procedures for certain job tasks because of her race, national origin, and/or gender and in retaliation for her prior complaints of discrimination and harassment, which was in furtherance of a concerted effort or scheme to find a reason to discipline and terminate Celesta.

66.    On or about June 27, 2022, Celesta filed a new harassment and discrimination complaint through SRP's Labor Relations.

67.    On or about August 2, 2022, Mr. Lares intentionally took Celesta's work phone without notice and permission. Celesta repeatedly called her work phone until Mr. Lares answered. Celesta demanded that he return the work phone immediately. Mr. Lares stated that he was on his way home and would return it the next day. Celesta renewed her demands until Mr. Lares returned her work phone that evening.

68.    On information and belief, Mr. Lares took Celesta's phone in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline or terminate Celesta.

69.    On August 8, 2022, Celesta filed a new discrimination charge with the Arizona Attorney General's Office ("AZ AG") alleging SRP retaliated and discriminated against her ("Aug. 8 Discrimination Complaint"). A true and correct copy of the Aug. 8 Discrimination Complaint is attached hereto as **Exhibit B**.

70.    On or about October 31, 2022, SRP used its Telematics tracking system to monitor Celesta while she was operating her work vehicle to pick up traffic cones.

71.    In addition to improperly using the Telematics tracking system against Celesta, on information and belief, SRP routinely followed, monitored, and tracked Celesta, which it did not do with similarly situated employees.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

58259694_3

10

72.     On information and belief, SRP violated its rules, policy, and/or procedures relating to following, monitoring, and tracking its employees (including use of the Telematics system).

73.     On information and belief, SRP's improperly monitored, followed, and tracked Celesta because of her race, national origin, and gender, and in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline and/or terminate Celesta.

74.     On or about November 11, 2022, Byron Begay (an electrician in the Facilities Department) notified Celesta that he and several other employees in the Facilities Department observed a file with Celesta's name on Byran Marsh's (O&M Manager for the Facilities Department) desktop screen during a morning safety meeting, which was displayed on a projector screen to a room full of male employees.

75.     Mr. Begay also noted that Mr. Marsh's desktop screen did not contain any other employee names or folders. Mr. Begay further stated that it appeared SRP management was "building a case against her." This incident caused Celesta to feel like she was being unfairly scrutinized, harassed, embarrassed, and humiliated.

76.     Moreover, as observed by Mr. Begay and other employees, Mr. Marsh did not subject similarly situated employees to the same scrutiny, harassment, embarrassment, and humiliation.

77.     On information and belief, Mr. Marsh and/or other SRP management (including Mr. Lares, Mr. Laughter, and Mr. Beranek) unfairly targeted and isolated Celesta in retaliation for her prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline and/or terminate Celesta.

78.     On or about January 5, 2023, Mr. Marsh convened a meeting with Celesta which was attended by SRP's Employee and Labor Relations representative, Anissa Wiederhold and Celesta's Union representatives, including Steve Vital.

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

58259694_3

11

79.     During the January 5, 2023 meeting, Mr. Marsh and Ms. Wiederhold ambushed Celesta by asking her questions relating to alleged incidents that allegedly occurred back in October 2022 ("January 5 Meeting"). Celesta's Union representatives objected to the questioning and stated that Mr. Marsh and Ms. Wiederhold were harassing Celesta. The meeting was stopped and rescheduled.

80.     On January 18, 2023, Celesta was called into a meeting with Mr. Marsh, Ms. Wiederhold, and Mr. Vital. During the meeting, SRP disciplined Celesta for allegedly driving her work truck in circles, which they claimed was observed through the Telematics system ("January 18 Disciplinary Action").

81.     The January 18 Disciplinary Action against Celesta was unwarranted and improper as Celesta did not violate any of SRP's rules or policies; Celesta was simply picking up traffic cones as directed by her supervisor.

82.     On information and belief, the January 5 Meeting and the January 18 Disciplinary Action against Celesta were in retaliation for Celesta's prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to discipline or terminate Celesta.

83.     The January 18 Disciplinary Action against Celesta impeded Celesta's ability to enter into SRP's apprenticeship program and/or advance to O&M II T/A.

84.     Due to SRP's ongoing and pervasive harassment, discrimination, and retaliation, Celesta suffered damages, including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, pain and suffering, and emotional distress.

85.     On or about January 18, 2023, Celesta took an authorized leave of absence due to the ongoing discrimination and harassment from SRP.

86.     On or about May 23, 2023, Celesta returned from her leave of absence.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

87. On or about May 24, 2023, shortly after returning from her leave of absence, Mr. Lares conducted Celesta Fiscal Year 2023 Performance Review ("FY2023 Performance Review") and stated that Celesta "Did Not Meet Expectations."

88. Prior to the FY2023 Performance Review, all of Celesta's performance reviews stated that she at least "met expectations" and found her work to be satisfactory.

89. On information and belief, SRP rated Celesta as "Did Not Meet Expectations" in the FY2023 Performance Review in retaliation for Celesta's prior complaints of discrimination and harassment and in furtherance of a concerted effort or scheme to find a reason to terminate Celesta.

90. SRP's act of giving Celesta a sub-par performance review impeded Celesta's ability to enter into SRP's apprenticeship program and/or advance to O&M II T/A.

91. On or about May 2, 2023, the AZ AG provided Celesta with a Notice of Right to Sue, which was amended on July 27, 2023 ("AZ Notice of Right to Sue"). A true and correct copy of the AZ Notice of Right to Sue is attached hereto as **Exhibit C**.

92. More than 180 days have passed since Celesta filed the Aug. 8 Discrimination Complaint with the AZ AG and the AZ AG has not issued a decision and no appeal has been filed.

### COUNT I
### Race, National Origin, and Gender-Based Discrimination Under the Arizona Civil Rights Act

93. Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

94. A.R.S. § 41-1463 *et seq* prohibits discrimination based on race or gender in employment.

95. Defendant is an "employer" within the meaning of A.R.S. § 41-1461(7).

96. Celesta is an "employee" within the meaning of A.R.S. § 41-1461(6).

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

58259694_3

13

97. Celesta is female and an enrolled member of the Navajo Nation who belongs to a racial minority. Thus, Celesta is considered a "protected class" under Arizona law.

98. Defendant unlawfully subjected Celesta to discrimination and disparate treatment based on her status as a female and Native American/Navajo woman as outlined above.

99. At all relevant times, Celesta has been qualified for the O&M II and O&M T/A position and has performed her work at SRP satisfactory, if not better than her male non-Native American co-workers.

100. SRP caused Celesta to suffer an adverse employment action while working at SRP including, but not limited to, limiting or decreasing Celesta's job opportunities, training and responsibilities, failing to promote Celesta, creating a hostile work environment, harassing Celesta, impeding Celesta's ability to obtain higher wages, baselessly reprimanding Celesta, making false statements on Celesta's performance reviews, impeding Celesta's ability to take and/or pass promotional tests or exams, transferring Celesta to another job or supervisor, harassing and/or retaliating against Celesta for submitting legitimate complaints regarding SRP's unlawful and improper conduct.

101. Moreover, SRP limited, segregated, or classified Celesta in a way that deprived or tended to deprive her of employment opportunities, promotions, and precluded her from apprenticeship programs based on race, national origin, and gender.

102. Similarly situated employees at SRP who did not belong to Celesta's protected class (i.e., Celesta's non-Native American male co-workers) were treated more favorably than Celesta.

103. As a result of Defendant's unlawful discrimination, Celesta has suffered damages, including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

58259694_3

14

104.  Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

105.  Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481.

## COUNT II
### Retaliation Under the Arizona Civil Rights Act

106.  Celesta incorporates by reference the allegations set forth in each of the foregoing paragraphs as though fully set forth herein.

107.  A.R.S. § 41-1464 *et seq.* prohibits discrimination against an employee because that employee has opposed any unlawful employment practice or has made a charge of employment discrimination under the Arizona Civil Rights Act.

108.  Celesta engaged in a protected employment activity when she made formal and informal discrimination complaints with Defendant's Employment and Relations, the Union, and the Arizona Attorney General.

109.  Defendant subjected Celesta to adverse employment actions after Celesta made such complaints by, including, but not limited to, subjecting her to a hostile work environment; transferring her to a different work crew; limiting her job opportunities, duties and responsibilities; isolating her from her male co-workers, assigning her to work primarily at eyewash stations; making her perform job tasks alone that typically required at least two individuals; taking unwarranted and improper disciplinary actions against her; giving her unwarranted negative job evaluations and underserved performance ratings; embarrassing and humiliating her; singling her out in an investigation that was known and obvious to her male co-workers; taking her work phone without notice and permission; improperly tracking and monitoring her; and taking unwarranted and improper disciplinary actions against her.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

110.   The protected employment activity and adverse actions are linked because each adverse employment action was implemented close in time to her informal and formal discrimination complaints.

111.   As a result of Defendant's unlawful retaliation, Celesta has suffered damages including, but not limited to, lost wages and benefits, lost future wages and benefits, harm to her profession, and emotional distress.

112.   Defendant acted with an evil mind, guided by an evil hand, knowing and consciously disregarding the substantial risk that such conduct would significantly injure Celesta, and, therefore, Celesta is entitled to an award of punitive damages.

113.   Celesta is entitled to her attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481.

## REQUEST FOR RELIEF

WHEREFORE, Celesta demands judgment in her favor against Defendant as follows:

A. An award of general damages in an amount to be proven at trial;

B. An award of punitive damages in an amount to be proven at trial;

C. An award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 41-1481; and

D. Any other relief that is just and reasonable under the circumstances.

DATED this date 31st of July, 2023

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Matthew A. Ramirez*
Mark D. Lammers
Matthew A. Ramirez
*Attorneys for Plaintiff*

By      */s/ Joan Harris*

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

58259694_3

16

# EXHIBIT A

**Littleman Celesta**

| | |
|---|---|
| **From:** | Mariner Ernest L (Ernie) |
| **Sent:** | Wednesday, March 31, 2021 2:37 PM |
| **To:** | Littleman Celesta |
| **Cc:** | Adams Keisha S |
| **Subject:** | RE: Important |

Celesta, thanks for taking time to write up and send me your concerns. My Labor Relations rep Keisha Adams will be reaching out to you to discuss further.

**From:** Littleman Celesta <Celesta.Littleman@srpnet.com>
**Sent:** Monday, March 29, 2021 8:44 PM
**To:** Mariner Ernest L (Ernie) <Ernie.Mariner@srpnet.com>
**Subject:** Important
**Importance:** High

Ernest Mariner,

I am a proud employee with Salt River Project and I value my long-term employment here. I've been a proud employee for 8 years at Salt River Projects. I transition from Navajo Generating Stations 3 years ago. I need your assistance as a Human Resource Director and it involves harassment. I am requesting your intervention in this human resource matter, I have been experiencing harassment since George Beranek became my supervisor.

As the only woman in the Facilities crew I've been systemically isolated from working with my team. A review of the daily crew schedule will show you I am being excluded from participation from the crew. I am experiencing discrimination, I've heard blatant stereotypical and discriminatory comments being a woman in my field. Some of the comments I've been subjected to include, "You took my position and you people from NGS (Navajo Generating Station) came down", "Maybe it's not the right fit for you", "She is in the wrong profession." One of these comments was made and recorded by Matt Davis on March 25, 2021. I've heard these comments from every level. These stereotypical and sexist comments about me are supposed to make me feel that I do not belong in my field. It is used against me because I am a woman.

I've been denied my bi-weekly meeting I haven't had a one on one meetings for the last 4 months, if I don't have direct contact with my supervisor it hinders my ability to track and improve my performance, during the performance process they've deviated from the employee handbook. The supervisor is skipping several steps that are in the employee handbook when it comes to my performance process. My supervisor deviated from the protocol and Salt River Project employee handbook. According to the employee handbook there is no investigation for job performance.

I am the only woman on my crew and being singled out. There is a very clear protocol in the employee handbook that is being skipped. I haven't had the opportunity to monitor my progress on my job performance because I've been denied the opportunity for my one on one meetings. The last time I had a on one meetings was 4 months ago. In August 19th 2020, I was pulled in for a coaching session, within less than a month I went from a coaching session to an oral reminder in September 8, 2021. After the oral reminder I was only provided one day of training which is inadequate. Then I completed short series of one on one meeting before my supervisor stopped meeting with me four months ago. Then I was informed of a written reminder to take place on March 25, 2021 however the written reminder never occurred. Instead I was given a notice that I am being investigated as part of my performance, which is not indicated for use as part of the performance and appraisal process according to the employee handbook. Upon review you will find that my supervisor is not following the employee handbook protocol. According to the employee handbook investigation is used only for reports of unethical behavior or illegal acts, not performance. My supervisor is not following protocol and

is misusing investigation. Thank you for reviewing my letter and if you have any question you reach me on my work phone at 602-376-6314 and/or if you want to discuss anything with me.

Respectfully,

Celesta

**Littleman Celesta**

| | |
|---|---|
| **From:** | Littleman Celesta |
| **Sent:** | Wednesday, April 7, 2021 5:43 PM |
| **To:** | Adams Keisha S |

**Importance:**         High

Hi Keisha Adams,

I forgot to mention while I had you on the phone earlier of a recent discriminatory statement that was said to me on Tuesday, March 30, 2021 during my lunch break at 16th Street.  There was one temporary and one provisional employee taking their lunch break with me.  Joe Munoz, who is my working foreman after a brief conversation with us, he stated, "Salt River Project should gave all Navajo Generating Station a severance instead of being all you down then we won't be over TO…he also, stated he addressed it in a meeting with Kelly Barr."

I want to express, I feel I am being discriminated because I am a Native American woman and a target at Salt River Project. There is a consistent pattern, history, being the only Navajo woman in my Facilities Department and a lot of additional relations.

Again, I feel like I am being discriminated because I am Native American by my Supervisor, George Beranek and Foreman Joe Munoz it is shown and clear proof with his discriminatory statement on Tuesday, March 30, 2021. I believe it is trickling down among my coworkers which makes me a target for being Native American.

I apologize for the delay but I want to add this to the investigation and preoccupied these past few days sorting through my documents with the timeline and gathering any additional documents you may need.


Respectfully,

Celesta Littleman

1

# EXHIBIT B

| EMPLOYMENT CHARGE OF DISCRIMINATION, Page 1 of 2<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☑ FEPA<br>☐ EEOC | CHARGE NUMBER |
|---|---|---|

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC
*State or Local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Ms. Celesta Littleman | | TELEPHONE NUMBER *(Include Area Code)*<br>480-647-1311 |
|---|---|---|
| STREET ADDRESS<br>5708 E. Butte St. | CITY, STATE AND ZIP CODE<br>Mesa, AZ 85205 | DATE OF BIRTH<br>01/11/1979 |
| ATTORNEY NAME | LAW FIRM | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | EMAIL ADDRESS |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME<br>Salt River Project Agricultural Improvement and Power District | NUMBER OF EMPLOYEES/MEMBERS<br>Cat. D | TELEPHONE NUMBER *(Include Area Code)*<br>602-236-8888 |
|---|---|---|
| STREET ADDRESS<br>1500 N. Mill Ave | CITY, STATE AND ZIP CODE<br>Tempe, AZ 85281 | COUNTY<br>Maricopa |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br>☒ RETALIATION ☐ DISABILITY ☐ GENETIC TEST RESULTS ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>*EARLIEST (ADEA/EPA)* *LATEST(ALL)*<br>05/19/2022<br>☐ Continuing Action |
|---|---|

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s):*

I. **PERSONAL HARM: A.** Respondent subjected me to different terms and conditions of employment.

II. **RESPONDENT'S REASON FOR ADVERSE ACTION: A.** None given.

III. **DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my sex; female, my race; Native American; and because I opposed a practice made unlawful under the Arizona Civil Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The particulars are:

A. On or around May 7, 2018 I began my employment with Respondent as an Operations & Maintenance Specialist II in Respondent's Operations & Maintenance department. I have continued in this position throughout my employment. My most recent supervisor is Jason Laughter.

B. Since the beginning of my employment, and continuing throughout to the present time, Respondent has subjected me to sex and race-based discrimination that includes but is not limited to being the only Native American woman on my crew, unwarranted write-ups regarding my job performance, and being assigned tasks that isolate me from my male co-workers and limit my job opportunities.

C. In or around January 2022, Respondent's foreman, David Lares, began overseeing my work schedule and began assigning me to perform tasks on my own that required more than one person. On or around February 10, 2022, I attempted to speak with Lares to request additional training. He was dismissive of my request. In or around March or April 2022, I attempted to speak with Lares again to request why I was being

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY COMPLAINT IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF COMPLAINANT AND DATE:<br>*Celesta Littleman* 8-8-22 |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)*<br>08/08/2022<br>PETER REINER Notary Public - Arizona Maricopa County Commission # 588188 My Commission Expires August 16, 2024 |

Littleman/SBS<br>#SKSBRJ1E0EGEH3v1     REVISED 6/19. PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

| EMPLOYMENT CHARGE OF DISCRIMINATION, Page 2 of 2<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | CHARGE NUMBER |
|---|---|

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC

CASE NAME: Ms. Celesta Littleman v. Salt River Project Agricultural Improvement and Power District

assigned a heavier workload than my male counterparts. Lares was again dismissive. I believe Lares actions to be sex and race-based discrimination.

D.   In or around May 2022, following my annual performance review, Jason Laughter informed me that Lares had stated I was challenging authority and had alleged I was not performing my job satisfactorily. On or around May 19, 2022, Respondent began assigning me to write job procedures; a task I had not been trained to perform. I believe Lares statements and Respondent's actions to be further sex and race-based discrimination and retaliation.

E.   I believe and therefore allege that but for my sex, female, and my race, Native American, Respondent would not have subjected me to sex and race-based discrimination and retaliation.

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY COMPLAINT IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF COMPLAINANT AND DATE:<br><br>*Celesta Littleman* 8-8-22 |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | 08/08/2022<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)*<br><br>PETER REINER<br>Notary Public - Arizona<br>Maricopa County<br>Commission # 588188<br>My Commission Expires August 18, 2024 |

Littleman/SBS          REVISED 6/19. PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT C



OFFICE OF THE ARIZONA ATTORNEY GENERAL

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

KRIS MAYES
ATTORNEY GENERAL

LESLIE ROSS
ACTING CHIEF COUNSEL

## NOTICE OF RIGHT TO SUE
May 2, 2023

**SENT VIA U.S. MAIL AND EMAIL**
Celesta Littleman
c/o Matthew A. Ramirez, Esq.
6363 North Swan Road, Suite 151
Tucson, AZ 85718
MRamirez@rllaz.com

Re:    Celesta Littleman v. Salt River Project Agricultural Improvement and Power District
       CRD No.:CRD-2022-0817, EEOC No.: 35A-2022-00559
       **DIVISION FILING DATE: August 8, 2023**

On August 8, 2023  you filed a Charge of Discrimination ("Charge") with the Division of Civil Rights Section ("Division") alleging employment discrimination. You have a right to file a lawsuit against Respondent(s) under the Arizona Civil Right Act ("ACRA") based on this Charge. This Notice is being sent to you because the Division is still investigating your Charge of Discrimination, but there are approximately 90 days left before the expiration of the one-year deadline for you to file an ACRA action in court.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than one year after the date on which you filed your charge with the Division. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit</u>. If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (520) 628-6500, 1-877-491-5740 (toll free), TDD (520) 628-6872, or TDD (877) 881-7552 (toll free)

Sincerely,

Linda Bohlke, Compliance Manager



## OFFICE OF THE ARIZONA ATTORNEY GENERAL

### CIVIL LITIGATION DIVISION
### DIVISION OF CIVIL RIGHTS SECTION

**KRIS MAYES**
**ATTORNEY GENERAL**

**LESLIE ROSS**
**CHIEF COUNSEL**

# AMENDED
# NOTICE OF RIGHT TO SUE

July 27, 2023

**SENT VIA U.S. MAIL AND EMAIL**
Celesta Littleman
c/o Matthew A. Ramirez, Esq.
6363 North Swan Road, Suite 151
Tucson, AZ  85718
MRamirez@rllaz.com

Re:    Celesta Littleman v. Salt River Project Agricultural Improvement and Power District
       CRD No.:CRD-2022-0817, EEOC No.: 35A-2022-00559
       **DIVISION FILING DATE: August 8, 2022**

On August 8, 2022 you filed a Charge of Discrimination ("Charge") with the Division of Civil Rights Section ("Division") alleging employment discrimination. You have a right to file a lawsuit against Respondent(s) under the Arizona Civil Right Act ("ACRA") based on this Charge. This Notice is being sent to you because the Division is still investigating your Charge of Discrimination, but there are approximately 90 days left before the expiration of the one-year deadline for you to file an ACRA action in court.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than one year after the date on which you filed your charge with the Division. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit.</u> If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (520) 628-6500, 1-877-491-5740 (toll free), TDD (520) 628-6872, or TDD (877) 881-7552 (toll free)

Sincerely,

Linda Bohlke, Compliance Manager

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
B. Silvernail, Deputy
7/31/2023 6:37:19 PM
Filing ID 16368947

Person/Attorney Filing: Matthew Ramirez
Mailing Address: 6363 N. Swan Rd. 151
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520)792-4800X119
E-Mail Address: mramirez@rllaz.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 036408, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Celesta Littleman
Plaintiff(s),

v.

The Salt River Project Agricultural
Improvement & Power District
Defendant(s).

Case No. **CV2023-093545**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Matthew Ramirez /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
7/31/2023 6:37:19 PM
Filing ID 16368948

Person/Attorney Filing: Matthew Ramirez
Mailing Address: 6363 N. Swan Rd. 151
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520)792-4800X119
E-Mail Address: mramirez@rllaz.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 036408, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Celesta Littleman
Plaintiff(s),
v.
The Salt River Project Agricultural
Improvement & Power District
Defendant(s).

Case No. **CV2023-093545**

**SUMMONS**

To: The Salt River Project Agricultural Improvement & Power District

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 31, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *B. SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.